IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL BHATIA,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. C 07-05583 CW<br>    CR 04-40071 CW<br><br>ORDER DENYING MOTIONS TO ISSUE AN INDICATIVE RULING, TO AMEND OR SUPPLEMENT § 2255 MOTION, TO ACCORD FULL FAITH AND CREDIT TO STATE JUDGMENT, TO DISMISS INDICTMENT, FOR DISCLOSURE OF <u>BRADY</u> MATERIAL, AND TO REVERSE THE CONVICTION AND DISMISS FOR LACK OF JURISDICTION<br><br>Docket Nos. 381, 387, 391, 392, 393, and 395 |

    Movant Lal Bhatia files motions to (1) issue an indicative ruling in light of new developments; (2) amend or supplement his § 2255 motion (3) accord full faith and credit to a state civil judgment; (4) dismiss his indictment for <u>Brady/Giglio/Kyles/Naupe</u> violations; (5) order the prosecutor to disclose <u>Brady</u> materials; and (6) reverse his conviction and dismiss the charges for lack of jurisdiction.

    Movant's conviction in this Court was upheld on appeal. <u>See</u> May 13, 2008 Ninth Circuit Court of Appeals Mandate (Docket 308).

On July 1, 2008, Movant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Docket No. 311). On March 10, 2009, the Court denied the motion. (Docket No. 353). On April 1, 2009, Movant appealed the denial of his § 2255 motion to the Ninth Circuit. (Docket No. 357). While the appeal was pending, Movant filed motions in this Court in an attempt to relitigate the issues adjudicated in his § 2255 motion. See Docket No. 364, Motion for Writ of Audita Querela; Docket Nos. 365, 367, Motions for Expedited Consideration; Docket No. 368, Motion for Sanctions and to Restore Movant's Rights and Privileges Status Quo Ante. The Court denied all of these motions. On January 31, 2011, the Ninth Circuit affirmed the Court's denial of the § 2255 motion (docket no. 386); the mandate issued on March 25, 2011 (docket no. 388).

On August 18, 2010, while his appeal was pending, Movant filed a motion, under Federal Rule of Appellate Procedure 12.1,[1] requesting that this Court issue an indicative ruling, in light of "new developments," that it is inclined to grant the § 2255 motion or to certify that the motion raises a substantial issue. As "new developments," Movant submitted a declaration from an individual named George F. Loonie filed in Bhatia v. Wig, et al., CV 10-0072 SBA, a civil case before another judge of this Court. Not only

---

[1] Federal Rule of Appellate Procedure 12.1 provides that, when relief is sought from an order that the district court cannot reconsider because it is the subject of a pending appeal, the district court may issue an indicative ruling that it would grant the motion or that the motion raises a substantial issue, in which case the court of appeals has discretion to remand for further proceedings.

2

does this declaration fail to raise a substantial issue in regard to Movant's § 2255 motion, but the motion is moot because the Ninth Circuit's mandate affirming this Court's order has already issued.

On February 15, 2011, after the Ninth Circuit issued its order but before it issued its mandate, Movant filed a motion, under Federal Rule of Civil Procedure 15 (c)(1)(B) and 15 (d),[2] to relate back and amend or supplement his § 2255 motion with facts uncovered in two civil cases and one criminal case before another judge of this Court. Because the Ninth Circuit affirmed this Court's order denying Movant's § 2255 motion and its mandate has issued, this motion is moot and is denied.

Movant's four additional motions also are attempts to relitigate issues which have been decided or which could have been raised in his criminal case or in his § 2255 motion. Movant may not continue to file motions to relitigate the issues adjudicated in these cases; each has been appealed and the judgments of this Court have been affirmed. See United States v. Allen, 157 F.3d 661, 644 (9th Cir. 1998) (before second or successive motion under § 2255 may be filed in district court, it must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found

---

[2] Rule 15 (c)(1)(B) allows an amendment to relate back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct or occurrence set out in the original pleading. Rule 15 (d) allows a party to file a supplemental pleading setting out a transaction or event that happened after the date of the pleading to be supplemented.

3

the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Therefore, Movant's motions are denied. The Clerk of the Court shall not file any further motions Movant submits in this case, unless he obtains certification for a second § 2255 motion from the court of appeals.

IT IS SO ORDERED.

Dated: 12/8/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

v.

BHATIA et al,

        Defendant.

Case Number: CR04-40071 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lal Bhatia
97562-011
Federal Detention Center - Dublin
5675 8th Street, Camp Parks
Dublin, CA 94568

Dated: December 8, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk